IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DOUGLAS and BETTIE TYE, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-0294-DGK |
| | ) | |
| ST. LUKES'S EAST ANESTHESIA | ) | |
| SERVICES, P.C., JONAH GARRETT, MD, | ) | |
| DEREK C. THOMAS, RN CRNA, | ) | |
| MELINDA D. PENDERGRAFT, RN CRNA, | ) | |
| JENNIFER VANSANDT, RN CRNA, | ) | |
| ROCKHILL ORTHOPAEDIC | ) | |
| SPECIALISTS, INC., | ) | |
| ROCKHILL ORTHOPAEDICS, P.C., | ) | |
| WESLEY F. FREVERT, MD, | ) | |
| SAINT LUKES EAST HOSPITAL, | ) | |
| 3M COMPANY, | ) | |
| ARIZANT HEALTHCARE INC., and | ) | |
| KEVIN ACTON, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## ORDER GRANTING MOTION TO STAY

This lawsuit arises from allegations that Plaintiff Douglas Tye developed an infection as a result of the use of a Bair Hugger warming device during his knee surgery. Mr. Tye and his wife, Plaintiff Bettie Tye, have sued the maker of the medical device, a Missouri-based salesman of the device, the hospital were the surgery was performed, and various medical providers—several of whom are Missouri citizens—for a variety of torts.

Now before the Court is Defendants 3M Company ("3M"), Arizant Healthcare, Inc., and Kevin Acton's (collectively, "the Moving Defendants") Motion to Stay (Doc. 7) pending transfer of this case to the United States District Court for the District of Minnesota as part of *In re: Bair Hugger Forced Air Warming Devices Products Liability Litigation*, MDL No. 2666. 3M Company is currently a defendant in several thousand other lawsuits pending in this MDL which allege that

the use of a Bair Hugger patient warming system during surgery caused an infection. Also pending before the Court are Plaintiffs' Motion to Remand (Doc. 13), Plaintiffs' Motion for Expedited Hearing and Ruling on Motion for Remand (Doc. 15), and Defendant Kevin Acton's Motion to Dismiss (Doc. 16).

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983) (holding district court has the "inherent power" to stay litigation "to control its docket, conserve judicial resources, and provide for a just determination of the cases pending before it"). A stay should be entered only where it is a proper exercise of the court's discretion, *Rhines v. Weber*, 544 U.S. 269, 276 (2005), and the proponent of the stay bears the burden of establishing the need for a stay. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). In determining whether to grant a motion to stay where an MDL transfer is pending, a federal court balances three factors: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Buie v. Blue Cross & Blue Shield of Kansas City, Inc.*, No. 05-0534-CV-W-FJG, 2005 WL 2218461, at *1 (W.D. Mo. Sept. 13, 2005).

The Moving Defendants argue Plaintiffs will not be prejudiced by a stay, but if the case is not stayed, they will be subject to duplicative litigation and inconsistent rulings on a variety of subjects, including jurisdictional issues, between this case and the MDL cases. Further, a stay will conserve judicial resources and ensure uniform adjudication of these issues. The Moving Defendants note Judge Gaitan recently came to the same conclusion in a similar case involving a Bair Hugger warming device. *See O'Haver v. Anesthesia Assocs. Of Kansas City, P.C.*, No. 19-

CV-0037-FJG (W.D. Mo. Mar. 25, 2019) (finding "the O'Haver action involves common questions of fact with actions transferred to the MDL No. 2666, and that transfer will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.")

Plaintiffs respond that this Court lacks subject matter jurisdiction because Plaintiffs and some Defendants are Missouri citizens, and they deny any Defendants were misjoined or fraudulently joined. They contend Defendants had no reasonable basis for removing the case, and they note the Court is not required to stay proceedings pending possible transfer to an MDL. They argue this Court should consider the merits of their motion to remand, and grant it. They cite in support this Court's decision in *Davidson v. Poppa*, No. 4:15-cv-0243-DGK (W.D. Mo. May 15, 2015) (denying motion to stay and granting remand before the Judicial Panel on Multidistrict Litigation had decided whether to transfer to the MDL presiding over Durom Hip cases).

The Court finds: (1) Plaintiffs will not be prejudiced by a stay; (2) Defendants are highly likely to be subject to prejudice in the form of duplicative litigation and inconsistent rulings if this case is not stayed; and (3) if this case is accepted for transfer to the MDL, it would avoid duplicative litigation. Thus, staying the case until the Judicial Panel on Multidistrict Litigation rules on transfer is preferable.

Although Plaintiffs have a colorable argument that the Court lacks subject matter jurisdiction, granting the stay does not mean this question will go unanswered. Either this case will not be transferred to MDL 2666 and this Court will consider the jurisdictional issue, or this case will be transferred to the MDL and another federal judge will address it. Either way, Plaintiffs' jurisdictional arguments will be considered.

The Court's decision in *Davidson v. Poppa* is distinguishable and involved a unique set of circumstances. In *Davidson*, after requesting an extension of time to respond to plaintiff's motion

3

to remand, the defendants filed a notice stating that they were foregoing their opportunity to respond to the motion to remand. *See id*. (Doc. 15 at 1) ("The defendants . . . respectfully advise the Court that they have elected not to respond *without prejudice* to Plaintiff's Motion to Remand (Doc. 9) filed in this matter."). A defendant removing a case to federal court and then not opposing remand is a rare occurrence. That is certainly not the case here. Hence, the result in *Davidson* possesses little, if any, precedential value.

The Motion to Stay (Doc. 7) is GRANTED. Plaintiffs' Motion for Expedited Hearing and Ruling on Motion for Remand (Doc. 15) is DENIED AS MOOT.

**IT IS SO ORDERED.**

Date:   May 21, 2019                                /s/ Greg Kays                       
                                                   GREG KAYS, JUDGE
                                                   UNITED STATES DISTRICT COURT